**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **CHRISTY BAUDE,** | § | Case No.: |
| Plaintiff, | § | |
| v. | § | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **NAVIENT SOLUTIONS,** | § | |
| Defendant. | § | **(Unlawful Debt Collections Practices)** |

## COMPLAINT

CHRISTY BAUDE ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against NAVIENT SOLUTIONS ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Texas and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing Fort Worth, Texas.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its principal place of business located at 123 Justison Street, Wilmington, Delaware 19801.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Beginning in or around late 2014, and continuing through February 2017, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis, regarding her student loan debt.

11. Plaintiff has a cellular telephone number that she has had for over a year.

12. Plaintiff has only used this number as a cellular telephone number.

13. During the relevant period, Defendant called Plaintiff on her cellular telephone up to several times a day.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. When Plaintiff answered calls from the Defendant they usually began with either a prerecorded message or a noticeable pause or delay before the call terminated or Plaintiff was transferred to one of Defendant's representatives.

16. Defendant's telephone calls were not made for "emergency purposes."

17. In or around November or December 2016, Plaintiff told Defendant to stop calling, thereby revoking any consent Defendant may or may not have believed it had.

18. Plaintiff has repeatedly told the Defendant that she was a stay at home mom and did not work, and to stop calling her.

19. Defendant heard and acknowledged Plaintiff's revocation of any consent that Defendant may or may not believe it had and demand to stop calling her cellular telephone number.

20. Still, Defendant persisted in calling Plaintiff on her cellular telephone for months.

21. Plaintiff found the Defendant's repeated calls annoying, aggravating, invasive, and upsetting.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. After Plaintiff told Defendant to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, CHRISTY BAUDE, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHRISTY BAUDE, demands a jury trial in this case.

Respectfully submitted,

Dated: May 9, 2017    By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888 ext. 167
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com